UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAMZA HATIK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 1:19-cv-11560-IT |
| | * |
| BRYAN KAISER, and | * |
| STATE OF MASSACHUSETTS, | * |
| | * |
| Defendants. | * |

ORDER

December 16, 2019

TALWANI, D.J.

Defendant Bryan Kaiser has filed a Motion to Dismiss [#12] seeking to dismiss pro se Plaintiff Hamza Hatik's Complaint [#1] pursuant to Fed. R. Civ. P. 12(b)(5). Kaiser alleges ineffective service of process because: (1) Plaintiff did not include the Complaint in his mailing to Kaiser; (2) Plaintiff is a party to the litigation and therefore may not personally serve Defendants; (3) the purported service was by mail; and (4) the purported service was directed to Kaiser at his place of work. Kaiser is correct that, pursuant to Fed. R. Civ. P. 4, a complaint must be included with the summons to complete service of process, a party to the litigation may not personally serve a defendant, and service by mail to a defendant at his place of work is insufficient. The appropriate remedy, however, is not dismissal.

As a threshold matter, Kaiser's Motion is premature. Under Fed. R. Civ. P. 4(m), if a defendant is not served within 90 days after summons has issued, the court must dismiss the action without prejudice against that defendant or order that service made within a specified time. Here, summonses were not issued until September 18, 2019, and thus the 90 day period for

such an order has not yet run. Nor is a dismissal at this time appropriate where Kaiser's counsel represented to the court a month ago that she required "additional time to obtain and review documents, and prepare an appropriate response regarding Plaintiff's service of process," and submitted that "no parties will be prejudiced" by the 30 day extension she requested and obtained. Motion [#10]; Electronic Order [#11]. Dismissal on this record, where Kaiser had timely notice of the case, is also not appropriate in light of Fed. R. Civ. P. 1, which directs the court and the parties that the Rules of Civil Procedure "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding" and Fed. R. Civ. P. 4(d), which directs that an individual such as Kaiser "has a duty to avoid unnecessary expenses of serving the summons."

Because Plaintiff is proceeding in forma pauperis, the court has previously ordered that he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. Order [#5]. In order to ensure that service is effectuated without further delay, Kaiser shall promptly provide the USMS with his home address for such service by the USMS with costs to be advanced by the United States. Alternatively, in the interest of "secur[ing] the just, speedy, and inexpensive determination" of this action, Defendants may file a notice waiving service of the summons and complaint. If Defendants file such a waiver, their responsive pleading shall be filed within 42 days of this Order.

IT IS SO ORDERED.

December 16, 2019

/s/ Indira Talwani
United States District Judge