UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HAMZA HATIK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 1:19-cv-11560-IT |
| | * | |
| STATE OF MASSACHUSETTS, and | * | |
| BRYAN KAISER, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

August 17, 2020

TALWANI, D.J.

Plaintiff Hamza Hatik brings this action *pro se* asserting various constitutional claims under 42 U.S.C. § 1983 and a tort claim for intentional inflection of emotional distress against Defendants Commonwealth of Massachusetts and Bryan Kaiser. Hatik alleges he was assaulted by officers at the South Bay House of Corrections and that Kaiser, as a supervisory officer, is liable for the officer's conduct and resultant violations of Hatik's constitutional rights.

Before the court is Kaiser's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#21]. Finding that Plaintiff has failed to adequately state a claim against Kaiser, the motion to dismiss is GRANTED. Further, as Plaintiff has failed to effectuate service of process on the Commonwealth within 90 days as required by Fed. R. Civ. P. 4(m) and as allowing additional time for service would be futile, Plaintiff's claims against the Commonwealth are DISMISSED.

I.     Procedural History

After Hatik filed his Complaint [#1] and the court granted his motion to proceed *in forma pauperis*, Elec. Order [#5], Kaiser moved to dismiss based on Hatik's failure to effectuate service of process. Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [#12]. The court denied

the motion as premature and instructed Kaiser to either provide the United States Marshals Service with a home address for service or waive service. Order [#16]. Kaiser elected to waive service, Waiver of Service [#18], and filed the pending motion to dismiss for failure to state a claim. Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#21].

In response to Kaiser's pending motion, the court has received two letters from Plaintiff, dated January 29, 2020[1] [#24] and April 11, 2020[2] [#25], which the court construes as Hatik's opposition.

II.     Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "presumes that the facts are as properly alleged by plaintiffs and/or reflected in other properly considered records, with reasonable inferences drawn in plaintiffs' favor." Abdallah v. Bain Capital LLC, 752 F.3d 114, 119 (1st Cir. 2014). And "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor does a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (alteration in the original).

III.    Facts as Alleged in the Complaint

The Complaint [#1] alleges the following facts:

---

[1] Filed February 28, 2020.
[2] Filed on May 7, 2020.

On February 17, 2019, Hatik was an immigration detainee at the South Bay House of Corrections[3] in unit 8-2. Compl. 1 [#1]. At that time, detainees were engaged in a hunger strike to protest improper treatment and unsanitary conditions. Id. Hatik was called to meet with a prison case worker who conveyed to Hatik that a "prison official" believed Hatik had orchestrated the strike. Id. 1-2.

While returning to his cell after the meeting, Hatik overheard Kaiser, a lieutenant at the facility assigned to Hatik's floor, calling the SERT team[4] "on an inmate." Id. 1. The SERT officers arrived, briefly spoke with Kaiser, and left. Id.

A few minutes later, Hatik was called via an intercom to go to floor 8-1. Id. When he arrived, the same SERT officers approached and grabbed Hatik and pushed him against a wall. Id. One officer grabbed his wrist and twisted and Hatik felt that the officer was trying to break it. Id. Hatik was then dragged to the segregation unit and thrown into a cell where an officer smashed Hatik's head into a steel bed frame, causing severe bleeding. Id. The officer cursed at Hatik and left. Id. Hatik reported the incident to a nurse, mental health counselors, and his attorney, who took pictures of his injuries and bloody shirt. Id. As a result of the attack, Hatik received stitches, has permanently lost certain bodily functions, suffers from post-traumatic stress disorder, and has trouble sleeping. Id. at 1-2.[5]

IV.  Analysis

   A. Hatik's Claims against Kaiser

Hatik asserts four claims[6] against Kaiser: 1) a constitutional claim for failure to protect;

---

[3] Kaiser refers to the facility as the Suffolk County House of Correction.

[4] SERT stands for "Sheriff's Escort and Response Team," according to Kaiser. Kaiser's Mem. in Support of Mot. to Dismiss 2 n.2 [#22].

[5] Plaintiff has not named SERT officers in his complaint.

[6] Plaintiff's fifth count, titled "liability under 42 U.S.C.[] § 1983" does not appear to include any

3

2) a tort claim asserting intentional infliction of emotional distress; 3) a constitutional claim for excessive force; and 4) a First Amendment claim for retaliation. The constitutional claims are brought pursuant to 42 U.S.C. § 1983.[7]

In order to state a § 1983 claim for a failure to protect, a plaintiff must plead that 1) the plaintiff suffered a "sufficiently serious" deprivation of the right to "humane conditions of confinement" and 2) that the defendant knew of a substantial risk of serious harm due to that deprivation and disregarded that risk, amounting to deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Calderon-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002).

Similarly, to state a § 1983 excessive force claim, a plaintiff must plead sufficient facts either demonstrating that the defendant purposely or knowingly used force against the plaintiff that was objectively unreasonable, Kingsley v. Hendrickson, 576 U.S. 389, 391 (2015), or, when asserting supervisory liability, that a subordinate's conduct violated the plaintiff's constitutional right and "the [supervisor's] action or inaction was affirmative[ly] link[ed] to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Guadalupe-Baez v. Pesquera, 819

---

additional allegations, separate from Hatik's constitutional claims, and so the court construes this count as stating the cause of action by which Plaintiff brings his constitutional claims.

[7] Hatik states in his complaint that he brings a claim for failure to protect under the Eighth Amendment, and a claim for excessive force under the Fourth Amendment. Compl. 1-2 [#1]. However, courts generally hold that civil immigration detainees are entitled to the same constitutional protections as pretrial detainees, which arise under the Fourteenth Amendment. See, e.g., E.D. v. Sharkey, 928 F.3d 299, 306-07 (3rd Cir. 2019) (collecting cases); see also Burrell v. Hampshire Cty., 307 F.3d 1, 7, (1st Cir. 2002) ("[p]retrial detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases."); Holloman v. Clarke, 208 F. Supp. 3d 373, 376 (D. Mass. 2016) ("[a]t the time of the alleged incidents, [plaintiff] was a pretrial detainee, so the Fourteenth Amendment's Due Process Clause governs [plaintiff's] claims for excessive force.") (citing Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 70 (1st Cir. 2016)). The court therefore treats Plaintiff's claims alleging a failure to protect (Count I) and excessive force (Count III) as brought under the Fourteenth Amendment.

F.3d 509, 514-15 (1st Cir. 2016) (quoting Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008)) (alterations in the original).

For the First Amendment retaliation claim, a prisoner must plead that 1) he engaged in constitutionally protected conduct, 2) the defendant took adverse action against him, and 3) there was a causal link between the protected conduct and the adverse action. Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). A plaintiff must also show his protected conduct was a "substantial" or "motivating" factor for the retaliation. Goldstein v. Galvin, 719 F.3d 16, 30 (1st Cir. 2013) (internal citation omitted).

Finally, in order to state a claim of intentional infliction of emotional distress, the complaint must allege 1) the defendant intended to cause, or knew or should have known that his conduct would cause, emotional distress, 2) the conduct was extreme and outrageous, 3) the conduct caused emotional distress, and 4) the emotional distress was severe. Polay v. McMahon, 468 Mass. 379, 385 (2014).

Here, there is no dispute that Hatik, as an immigration detainee, had a right to humane conditions of confinement, and a right to be free from objectively unreasonable force. In addition, participation in a hunger strike can be a protected activity under the First Amendment and therefore retaliation based on participation may be a violation of a detainee's First Amendment rights. See, e.g., Stefanoff v. Hays Cty., Tex., 154 F.3d 523, 527 (5th Cir. 1998) ("a hunger strike may be protected by the First Amendment if it was intended to convey a particularized message"). Taken together, Hatik's allegations would be sufficient to state a claim against the SERT officers based on the alleged assault.

However, the complaint only names Kaiser, and not the SERT officers, as a defendant. Therefore, the court must consider whether Hatik has sufficiently alleged that Kaiser is plausibly liable for each element of each claim.

The complaint fails to do so. Taking the well-pleaded allegations as true and liberally construing the *pro se* complaint, including allowing for an inference that Kaiser called the SERT officers specifically about Hatik (as opposed to another inmate) and assuming that Kaiser was the supervisory officer in charge of Hatik's building on the day of the incident, see January 29, 2020 Letter [#24], the facts alleged are insufficient to state a claim against Kaiser. Hatik has not alleged that Kaiser was present on floor 8-1 when SERT encountered Hatik, or that Kaiser knew or could have anticipated the SERT officers' alleged use of force upon him. That Kaiser summoned the SERT officers and spoke with them prior to Hatik being called to floor 8-1 where he was assaulted and that Kaiser was the SERT officers' supervisor are not sufficient for the court to infer that Kaiser was aware of, or deliberately indifferent to, any risk of harm to Hatik, that Kaiser encouraged, condoned, or acquiesced to the SERT officers' conduct, or that Kaiser acted on the basis of Hatik's protected conduct. Finally, there are no allegations that Kaiser intended to cause Hatik emotional distress or that Kaiser's actions, as opposed to the SERT officers' actions, in fact caused Hatik severe distress. Without such allegations, Hatik has failed to meet his pleading burden as to Kaiser and, accordingly, his claims against Kaiser must be dismissed.[8]

Hatik has not requested leave to amend his complaint and has not provided the court any additional facts to support a claim against Kaiser. Accordingly, the dismissal is without leave to amend.[9]

---

[8] To the extent that Hatik also seeks to assert a claim for violating his equal protection rights, see Compl. 2 [#1], he has failed to allege that he was "selectively treated" by Kaiser "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001) (citation omitted).

[9] The court does not reach Defendant's qualified immunity defense, which Kaiser offers as an alternative reason for dismissal of Plaintiff's claims.

### B. Hatik's Claims against the Commonwealth

Hatik's complaint also asserted claims against the Commonwealth of Massachusetts. To date, no proof of service has been filed with the court. Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant . . . ." Here, Plaintiff had notice from the court of his obligation to execute service of process within 90 days, both via the court's grant of Plaintiff's motion to proceed *in forma pauperis*, Elec. Order [#5], and in its order denying Defendant Kaiser's first motion to dismiss. Order 1-2 [#16]. Moreover, affording more time to perform service would likely be futile as Plaintiff's claims against Massachusetts seeking money damages are barred by sovereign immunity. See Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010). Therefore, the court dismisses the claims brought against the Commonwealth of Massachusetts without prejudice.

### V. Conclusion

Accordingly, for the aforementioned reasons, Defendant Kaiser's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#21] is GRANTED and Plaintiff's Complaint [#1] is DISMISSED.

IT IS SO ORDERED.

Date: August 17, 2020  /s/ Indira Talwani
United States District Judge